# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| ROBERT WESLEY ROAK | ) | CASE: G18-21511-JRS |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Trustee was unable to conduct the Meeting of Creditors pursuant to 11 U.S.C. Section 341 because the Debtor failed to appear.

2.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

3.

The plan as proposed will extend to eighty-five (85) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

4.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the periods ending December 31, 2013, December 31, 2014, December 31, 2015, December 31, 2016 and December 31, 2017. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

5.

The Debtor has failed to provide to the Trustee a copy of the 2017 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

6.

The Debtor has failed to file the sixty (60) days of pay advices pursuant to 11 U.S.C. Section 521(a)(1).

7.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments of $1,170.00 in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

8.

The Trustee requests proof of the end date for Debtor's 401(k) loan in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

9.

Schedule I fails to accurately reflect Debtor's 401(k) loan, thereby preventing the Chapter 13 Trustee from determining the feasibility of the proposed plan in violation of 11 U.S.C. Section 1325(a)(6).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 5th day of October, 2018.

Respectfully submitted,

/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194

# CERTIFICATE OF SERVICE

Case No: G18-21511-JRS

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
ROBERT WESLEY ROAK
923 COPPER MINE ROAD
MURRAYVILLE, GA  30564


**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
CLARK & WASHINGTON, P.C.
ecfnotices@cw13.com



This the 5th day of October, 2018.


/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303